**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-01621-REB-MEH

EUGENE FISCHER, and
MARGARET SUMMERS

     Plaintiffs,

v.

ADAMS COUNTY SCHOOL DISTRICT NO. 12, a Colorado School District,
THE PINNACLE CHARTER SCHOOL, a quasi-municipal corporation, and
MICHAEL PASKEWICZ, in his official and individual capacities,

     Defendants.

**ORDER DENYING THE PINNACLE CHARTER SCHOOL'S MOTION TO DISMISS**

**Blackburn, J.**

The matter before me is defendant, The Pinnacle Charter School's, **Motion to Dismiss** [#9], filed October 27, 2005.  I deny the motion.

## I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief.  ***See Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); ***Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.***, 24 F.3d 125, 128 (10th Cir. 1994).

In connection with their motion, defendants cite to and rely on various provisions of the employment contracts at issue in this case.  However, consideration of these core documents, which are appended to the complaint itself and central to plaintiffs' claims, does not transform the motion into one for summary judgment.  ***See GFF Corp. v. Associated Wholesale Grocers, Inc.***, 130 F.3d 1381, 1384-85 (10th Cir. 1997)

### III. ANALYSIS

Defendant, The Pinnacle Charter School ("The Pinnacle"), is a public charter school operating within and chartered by defendant Adams County School District No. 12, pursuant to §22-30.5-104, C.R.S.  Defendant Michael Paskewicz ("Paskewicz") is the superintendent of the district.  Plaintiffs, Eugene Fischer and Margaret Summers, are The Pinnacle's former Transportation Manager and former Executive Director, respectively.  Plaintiffs were employed by The Pinnacle pursuant to written, annually renewable contracts.  They allege that they were fired from their positions in retaliation

for expressing their opinions on matters of public concern, in particular, the district's relationship to and treatment of charter schools in general and The Pinnacle in particular. They have filed causes of action under 42 U.S.C. § 1983 for violation of their First and Fourteenth Amendment rights, as well as state law claims of breach of contract and civil conspiracy. The Pinnacle has moved to dismiss these causes of action.

The Pinnacle argues first that plaintiffs' breach of contract claims cannot survive because the contracts on which they are premised are void under Article X, section 20(4)(b) of the Colorado Constitution, otherwise known as the Taxpayer's Bill of Rights ("TABOR"). TABOR provides, in relevant part, that

> districts must have voter approval in advance for:
>
> . . . .
>
> (b) . . . creation of any multiple-fiscal year direct or indirect district debt or other financial obligation whatsoever without adequate present cash reserves pledged irrevocably and held for payments in all future fiscal years.

COLO. CONST. Art. 10, § 20(4)(b). The Pinnacle's fiscal year runs from July 1 of each year to June 30 of the following year. *See* §22-44-102(4)(c), C.R.S. Fischer's employment contract ran from August 1, 2005, to August 1, 2006; Summers's contracts ran from August 1, 2004, to July 31, 2005, and from August 1, 2005, to July 31, 2006. The Pinnacle argues that the contracts, therefore, violate TABOR because they obligate it to pay plaintiffs' salaries in multiple fiscal years.

The Pinnacle's motion is insufficient to carry its burden to demonstrate that

dismissal on this basis is warranted.  First, The Pinnacle has not adequately demonstrated that it is a "district" subject to TABOR.  **See COLO. CONST.** Art. X, § 2(b).[1] Moreover, The Pinnacle's motion does not convince me that plaintiffs cannot show that the contracts were undertaken without "adequate present cash reserves pledged irrevocably and held for payments in all future fiscal years."[2]  **Id.**, Art. X, § 4(b).  The Pinnacle presents no legal or other authority to support its argument that the district's budget does not satisfy this standard.  For these reasons, The Pinnacle's motion to dismiss plaintiffs' breach of contract claims, as well as its motion to dismiss their Fourteenth Amendment due process property interest claims premised on those

---

[1] Although The Pinnacle did address this issue in its reply brief, that brief was stricken for failure to comply with my civil practice standards and not refiled within the deadline permitted.  Nevertheless, I would not have considered the arguments raised therein in any event.  It is improper for a party to reserve its best case, even if ostensibly raised in response to its opponent's arguments, for its reply, when the opponent has no ready means of responding.  Just as courts do not consider issues raised for the first time in a reply brief, **Liebau v. Columbia Casualty Co.**, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001), it would be inequitable to consider arguments regarding issues as to which the movant has the burden of proof that are not fully developed until the reply brief.

I am troubled further by the fact, which The Pinnacle acknowledges in its motion, that Colorado law makes no provision allowing a charter school to obtain voter approval of teacher contracts.  This would seem to put schools and teachers in an untenable position, to say the least, and, thus, requires more thorough briefing than has been provided by The Pinnacle in its motion.

[2] I note further that the Colorado Court of Appeals has found that other types of agreements

> in which the parties are not bound to renew the lease annually do not create a debt or other financial obligation in the constitutional sense. Indications of debt in the constitutional sense are that (1) the obligation pledges revenues for future years; (2) the obligation requires use of revenue from a tax otherwise available for general purposes; (3) the obligation is legally enforceable against the state in future years; or (4) appropriation by future legislatures of monies and the payment of the obligation is nondiscretionary.

**Colorado Criminal Justice Reform Coalition v. Ortiz**, 121 P.3d 288, 293 (Colo.App. 2005).  The Pinnacle does not address this issue in its motion, and particularly does not address it in light of the provision of plaintiffs' employment contracts providing that their salaries are to be paid "subject to the availability of funds to be allocated to the charter school."  (**See, e.g.**, Complaint App., Exh. B at 1, ¶ 5.) This is but one more reason to deny dispositive relief on this issue at this early stage of the litigation.

contracts, should be denied.

Nor is dismissal of plaintiffs' due process liberty interest claims appropriate at this juncture. For a public employee to assert a cause of action for violation of her Fourteenth Amendment due process liberty interests, "she must show that her dismissal resulted in the *publication* of information which was *false* and *stigmatizing* – information which had the general effect of curtailing her future freedom of choice or action." **Asbill v. Housing Authority of the Choctaw Nation of Oklahoma**, 726 F.2d 1499, 1503 (10th Cir. 1984) (emphases in original; footnotes omitted). Contrary to The Pinnacle's argument, plaintiffs clearly have alleged that The Pinnacle published stigmatizing information about them. (**See** Complaint at 20, ¶ 120 (alleging that Fischer was accused of having "doctored" reports and withheld a report from state inspectors); *id*. at 22, ¶ 132 (alleging that Summers had mismanaged school funds).) **See Asbill**, 726 F.2d at 1503 (noting that information is stigmatizing if it impugns the employee's "good name, reputation, honor, or integrity"). Accordingly, dismissal of these claims is not warranted.[3]

Summers's First Amendment retaliation claim also survives The Pinnacle's motion to dismiss. The complaint itself belies The Pinnacle's argument that plaintiffs have failed to allege facts showing that Summers's protected speech was a substantial motivating factor in her termination. **See Maestas v. Segura**, 416 F.3d 1182, 1187-88

---

[3] Although The Pinnacle makes passing reference to the complaint's alleged failure to assert that plaintiffs' future job prospects were curtailed by the publication of the stigmatizing information, I do not consider such inadequately briefed arguments. **See Gross v. Burggraf Constr. Co.**, 53 F.3d 1531, 1547 (10th Cir. 1995).

(10th Cir. 2005).  Plaintiffs claim the school district and Paskewicz convinced The Pinnacle to take various adverse employment actions against Summers based on her criticism of the district and its policies regarding charter schools.  Although The Pinnacle's argues that this alleged motivation "makes no sense," that is not an issue for resolution on a motion to dismiss.  Regardless whether The Pinnacle itself held that motive, if it allowed Panskewicz to influence its decisions regarding Summers's employment, his retaliatory motive arguably passed through to those decisions.  Simply put, the facts alleged adequately aver that Summers's speech was a substantial motivating factor in the decision to fire her.

     Finally, The Pinnacle is simply wrong in believing that the complaint fails to state the type of agreement and concerted action necessary to state a claim for civil conspiracy.  **See Ziegler v. Inabata of America, Inc.**, 316 F.Supp.2d 908, 918 (D. Colo. 2004) ("'The elements of civil conspiracy are that: (1) two or more persons; (2) come to a meeting of the minds; (3) on an object to be accomplished or a course of action to be followed; (4) and one or more overt unlawful acts are performed; (5) with damages as the proximate result thereof.'") (citation omitted).  Although The Pinnacle paints itself as operating under duress from Paskewicz and the district, the complaint characterizes The Pinnacle as having "acquiesced in or ratified" the others defendants' acts by agreeing to unlawfully terminate plaintiffs' employment.  (**See** Complaint at 24-25, ¶ 146(c) & at 26, ¶150(c); **see also id**. at 13, ¶ 73 (quoting from letter from The Pinnacle to staff stating, with regard to Summers's termination, that although "[t]here is no doubt that the district has put pressure upon our board to make certain decisions . . .

the Pinnacle board assesses the facts and determined what was right to ensure continued growth and excellence for the Pinnacle").) These allegations are sufficient to state a claim for civil conspiracy.

## IV.  CONCLUSION

For these reasons, I conclude that plaintiffs' complaint is not subject to dismissal for failure to state a claim on which relief may be granted.  Accordingly, The Pinnacle's motion should be denied.

**THEREFORE, IT IS ORDERED** that The Pinnacle Charter School's **Motion to Dismiss** [#9], filed October 27, 2005, is **DENIED**.

Dated February 16, 2006, at Denver, Colorado.

                **BY THE COURT:**

                **s/ Robert E. Blackburn**
                **Robert E. Blackburn**
                **United States District Judge**