IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01621-REB-MEH

EUGENE FISCHER and
MARGARET SUMMERS

Plaintiffs,

v.

ADAMS COUNTY SCHOOL DISTRICT NO. 12, a Colorado School District
THE PINNACLE CHARTER SCHOOL, a quasi-municipal corporation, and
MICHAEL PASKEWICZ, in his official and individual capacities

Defendants.
_____

**PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which may annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

      3.      The parties may designate as "CONFIDENTIAL" information that is confidential and that implicates the privacy interests of (a) current or former School District employees, including the Plaintiffs and (b) current or former School District students, and may include, without limitation, personnel records, student records, and personal information related to the Plaintiffs (e.g. financial and medical records). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and as stated in this Protective Order.

      4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)    attorneys working on this case;

(b)    persons working on the case who are employed by or associated with the attorneys representing the parties;

(c)    the parties, including their designated representatives;

(d)    expert witnesses and consultants retained in connection with this proceeding;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents, witnesses, or potential witnesses; and

(h)    other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed in paragraph 4 (other than those listed in paragraphs 4(a), (b), (e), and (f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL bears the burden of filing a motion requesting that the

Court determine whether the disputed information should be treated as CONFIDENTIAL under the terms of this Protective Order. Until the Court rules on the motion the information shall be treated as CONFIDENTIAL. If the designating party fails to file such a motion within the prescribed time, or if the Court denies such motion, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.  At the conclusion of this case, whether by settlement, trial, appeal or otherwise, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding this provision, counsel for the parties may keep copies of CONFIDENTIAL information in their files, but the provisions of this Protective Order will continue to apply to that information until it is returned to the party (or to the party's counsel) that designated it as CONFIDENTIAL or until the information is destroyed.

10. This Protective Order may be modified on motion of a party or by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

5

Dated at Denver, Colorado this 27th day of March, 2006.

                                  BY THE COURT

                                  s/ Michael E. Hegarty
                                  Michael E. Hegarty
                                  United States Magistrate Judge