**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-01621-REB-MEH

EUGENE FISCHER, and
MARGARET SUMMERS

      Plaintiffs,

v.

ADAMS COUNTY SCHOOL DISTRICT NO. 12, a Colorado School District,
THE PINNACLE CHARTER SCHOOL, a quasi-municipal corporation, and
MICHAEL PASKEWICZ, in his official and individual capacities,

      Defendants.

---

**ORDER DENYING MOTION TO DISMISS OR IN THE
ALTERNATIVE MOTION TO COMPEL ALTERNATIVE
DISPUTE RESOLUTION UNDER CR.S. 22-30.5-107**

---

**Blackburn, J.**

      The matter before me is defendants', Adams County School District No. 12 and

Michael Paskewicz, **Motion to Dismiss or in the Alternative Motion to Stay and

Compel Alternative Dispute Resolution Under C.R.S. 22-30.5-107** [#35], filed March

28, 2006.  I deny the motion.

### I.  JURISDICTION

      I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)

and 28 U.S.C. § 1367 (supplemental jurisdiction).

### II.  STANDARD OF REVIEW

      The present motion claims that I lack jurisdiction over the subject matter of co-

defendant's, The Pinnacle Charter School ("Pinnacle"). cross-claim because state law

commits resolution of the matters implicated by the claim to the exclusive jurisdiction of the state board of education.  A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  Because the present motion presents a facial attack, I must accept the allegations of the cross-claim as true.  *Id*.  The party seeking to invoke the court's jurisdiction bears the burden of establishing that subject matter jurisdiction exists.  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994); *Fritz v. Colorado*, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

## III.  ANALYSIS

In this section 1983 case, plaintiffs, Eugene Fisher and Margaret Summers, respectively the former Transportation Manager and Executive Director of Pinnacle, allege that they were fired in retaliation for expressing their opinions on matters of public concern.  They have asserted causes of action under 42 U.S.C. § 1983 for violation of their First and Fourteenth Amendment rights and state law claims for breach of contract and civil conspiracy.  Pinnacle has asserted a cross-claim against its co-defendants, the Adams County School District No. 12 ("the district") and Michael Paskewicz ("Paskewicz"), alleging that to the extent it is found liable to plaintiffs, the district and Paskewicz are liable to indemnify it against any damages assessed.

The district and Paskewicz now seek to dismiss this cross-claim, principally on the ground that the cross-claim deals with matters that must be submitted to alternative

2

dispute resolution pursuant to section 22-30.5-107.5, C.R.S.[1]  That section provides

that "any disputes that may arise between a charter school and its chartering school

district concerning governing policy provisions of the school's charter contract shall be

resolved" by alternative dispute resolution.  § 22-30.5-107.5(1) & (2)(b), C.R.S.[2]  The

"governing policy provisions" subject to ADR under this section "broadly encompass

almost all aspects of the governance and policies of a charter school, including . . .

employment policies."  ***Academy of Charter Schools v. Adams County School***

***District No. 12***, 32 P.3d 456, 462 (Colo. 2001).  The district and Paskewicz argue that,

because the conduct of which plaintiffs complain implicates Pinnacle's employment

policies, the cross-claim falls within the purview of section 22-30.5-107.5, and, thus, is

not subject to judicial determination.

        This argument misses the mark.  Although the dispute between plaintiffs and

defendants arguably may touch on governance issues, the dispute between Pinnacle

and its co-defendants is a simple common law claim for indemnity.  It allegedly arises

not from the charter school contract between Pinnacle and the district but by operation

of law under a "compelled agency" theory.  ***See*** **RESTATEMENT (SECOND) OF AGENCY**

---

[1]  The district and Paskewicz argue also that the cross-claim should be dismissed because Pinnacle has failed to include an allegation of jurisdiction, in violation of Fed.R.Civ.P. 8(a)(1).  Because the court already has jurisdiction over this case, the plain terms of Rule 8(a) require no such allegation.  ***See*** **FED.R.CIV.P.** 8(a)(1) (complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, *unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it*") (emphasis added).  Pinnacle's cross-claim is clearly permitted by Rule 13(g), and, thus, even if the failure to allege jurisdiction were improper, I would grant Pinnacle leave to amend.

[2]  The outcome of that alternative dispute resolution process is reviewable, if at all, by the state board of education, whose determination is not subject to further appeal.  ***See*** § 22-30.5-107.5(3) & (6), C.R.S.

§ 224.[3]  The cross-claim is thus factually and legally distinct from the employment dispute that gives rise to the original suit.  Accordingly, the motion to dismiss must be denied.

    **THEREFORE, IT IS ORDERED** that the  **Motion to Dismiss or in the Alternative Motion to Stay and Compel Alternative Dispute Resolution Under C.R.S. 22-30.5-107** [#35], filed March 28, 2006, is **DENIED**.

    Dated July 24, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**

---

    [3]  It is not clear whether Colorado has adopted this theory of agency.  ***See Cobbin v. City and County of Denver***, 735 P.2d 214, 217 (Colo. App. 1987) (citing to section 224 of the Restatement, but in apparently inapposite context).  However, other states have done so, ***see, e.g.***, ***California First Bank v. State of New Mexico***, 801 P.2d 646, 651-52 (N.M. 1990); ***Kenai Peninsula Borough v. State of Alaska***, 532 P.2d 1019, 1025 (Alaska 1975), and there is certainly nothing to prevent Pinnacle from arguing that the Colorado Supreme Court would recognize the doctrine if presented with the issue.